UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22186-CIV-GOLD
MAGISTRATE JUDGE P.A. WHITE

GUSTAVO VENTA,                    :

    Petitioner,              :       REPORT RE DISMISSAL

v.                                :

STATE OF FLORIDA,                 :

    Respondent.              :
_____

    Gustavo Venta filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, while confined in the Federal Correctional Institution in Coleman, Florida, attacking a 1994 conviction for resisting arrest without violence entered in Dade County, Florida. The petitioner was sentenced to one year probation. He claims that his plea was involuntary and his attorney was ineffective, because he was not cautioned that he could be subject to deportation as a collateral consequence of the plea. The petitioner is now serving a federal sentence of 188 months in Case No. 06-2076-Cr-Martinez.

    The Court cannot grant the relief sought. Venta does not meet the "in custody" requirement for habeas corpus jurisdiction.

    Venta is no longer "in custody" on the expired state sentence. Thus, he cannot bring a federal habeas corpus action solely attacking the expired state sentence. See: Means v. Alabama, 209 F.3d 1241 (11 Cir. 200).[1] This petition must be deemed to be an

---

[1] The only exception is if the conviction was obtained in violation of the defendant's right to counsel, as recognized in Gideon v. Wainwright, 372 U.S. 335 (1965). Here, however, Venta was

attack upon the judgment Venta is currently serving. Id. As such, it must be construed as a motion to vacate pursuant to 28 U.S. C. §2255.

The petitioner filed a motion to vacate, attacking his conviction in case no. 06-2076-cr-Martinez. The motion, assigned Case No. 08-23250-Civ-Martinez is not yet final. Therefore, this motion is duplicative of the pending motion to vacate.

Should the petitioner re-file this petition at the completion of his pending motion to vacate, he will run afoul of the procedural bar against successive motions, as dictated by the AEDPA, and would have to obtain permission to file the petition from the Eleventh Circuit Court of Appeals.

The petitioner is cautioned that permission may be denied by the Eleventh Circuit Court of Appeals. The Supreme Court has held that 28 U.S.C. §2255 may not be used to collaterally attack a prior sentence used to enhance a federal sentence, even though a direct or collateral attack is no longer open because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully. Daniels v. United States,, 532 U.S. 374 (2001), citing Custis v. United States, 511 U.S. 485, 493 (1994); see also; Lackawanna County District Attorney, et al. v. Coss, 531 U.S. 923 (2001).

It is therefore recommended that this case be dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

---

represented by Counsel.

2

Dated this day of 13th July, 2010.

_____
UNITED STATES MAGISTRATE

cc:   Gustavo Venta, Pro Se
      Reg# 49685-004
      FCC- Coleman
      Address of Record