UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-22186-CIV-GOLD/WHITE

GUSTAVO VENTA,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

**ORDER ADOPTING AND AFFIRMING MAGISTRATE'S
REPORT AND RECOMMENDATION [DE 5]; DENYING
PETITIONER'S OBJECTIONS TO MAGISTRATE'S REPORT AND
RECOMMENDATION [DE 6]; DENYING PETITION [DE 1]; CLOSING CASE**

THIS CAUSE is before the Court upon Magistrate Judge Patrick A. White's July 13, 2010 Report and Recommendations **[DE 5]** ("the Report") on Petitioner's *pro se* petition for writ of habeas corpus **[DE 1]** ("the Petition"), which challenges Petitioner's 1994 state court conviction. In the Report, Magistrate Judge White recommends that the Petition be denied because Petitioner is a federal prisoner who failed to pursue available remedies to challenge his prior state sentence, which has now expired. **[DE 5, p. 1]**; in support of his conclusion, Magistrate Judge White cites to the U.S. Supreme Court case of *Lackawanna Cnty. Dist. Attorney v. Coss,* which stated that:

> a federal prisoner who has failed to pursue available remedies to challenge a prior conviction (or has done so unsuccessfully) may not collaterally attack that conviction through a motion under 28 U.S.C. § 2255 directed at the enhanced federal sentence. That holding is now extended to cover § 2254 petitions directed at enhanced state sentences.

532 U.S. 394, 395 (2001) (citing *Daniels v. United States,* 532 U.S. 374, 379-80 (2001)).

On July 29, 2010, Petitioner filed objections to the Report **[DE 6]**, arguing that "because [his] state conviction was obtained in violation of the Constitution" and he has "exhausted

his state remedies," that he is entitled to pursue relief in the federal courts under § 2254.

Under well-settled Supreme Court precedent, a petitioner can bring a federal habeas action that solely attacks his expired state sentence *only* when his state conviction was obtained in violation of his right to counsel. *See id.* (citing *Gideon v. Wainright*, 372 U.S. 335 (1965)); *see also Daniels*, 532 U.S. at 376 (citing *Custis v. United States*, 511 U.S. 485, 487) ("[W]ith the *sole exception of convictions obtained in violation of the right to counsel*, a defendant has no right to bring such a challenge in his federal sentencing proceeding.") (emphasis added). In the instant case, Petitioner was represented by counsel when he was convicted in state court. As such, Petitioner cannot invoke this exception and his objections to the Magistrate's Report are without merit. **[DE 5, pp. 1-2]**.

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that:

a.  The Report and Recommendation **[DE 5]** is AFFIRMED AND ADOPTED.

b.  The Petition **[DE 1]** is DENIED.

c.  Petitioner's Objections **[DE 6]** to the Report and Recommendation are DENIED.

d.  This case is CLOSED.

DONE AND ORDERED in Chambers in Miami, Florida this ___ day of August, 2010.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Patrick A. White
    Counsel and parties of record

2